ALTON CANNON, Plaintiff Below-Appellant,
v.
MARIE M. TOMASSO, DEPT. OF LABOR, OFFICE OF DISCRIMINATION, U.S., E.E.O.C., JULIE KLEIN CUTLER, AYODELE JOHNSON, and EUGENE D. WEAVER, Defendants Below-Appellees.
No. 362, 2008.
Supreme Court of Delaware.
Submitted: September 19, 2008.
Decided: October 20, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 20th day of October 2008, upon consideration of the appellant's opening brief and the appellees' motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The plaintiff-appellant, Alton Cannon, filed an appeal from the Court of Chancery's letter opinion and order dated July 10, 2008. The defendants-appellees, the Delaware Department of Labor, Julie Klein Cutler, Ayodele Johnson, and Eugene D. Weaver (the "Department of Labor"), have moved to affirm the judgment of the Court of Chancery on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and AFFIRM.
(2) Cannon filed employment discrimination claims with the Delaware Department of Labor on the ground that prospective employers, including the Wilmington News Journal, had discriminated against him on the basis of his criminal record. The Department of Labor found "no cause" for Cannon's complaints and, accordingly, issued "right to sue" notices.[1] Cannon then filed a complaint in the Court of Chancery seeking to set aside or reverse the decision of the Department of Labor. The complaint also sought reinstatement of Cannon's "90-day period to file" and an order requiring the Department of Labor to investigate his claims.
(3) Rather than file an answer to Cannon's complaint, the Department of Labor filed a motion to dismiss, as permitted under Rule 12 of the Court of Chancery Rules.[2] On July 10, 2008, the Court of Chancery granted the Department of Labor's motion to dismiss on the ground that it lacked jurisdiction to entertain Cannon's claims.[3] Cannon argues in his opening brief that the Court of Chancery erred and abused its discretion by dismissing his complaint.
(4) A party pursuing an employment discrimination claim has a right, following the issuance of a "right to sue" letter by the Department of Labor, to prosecute that claim either in the Delaware Superior Court or in a federal court.[4] The statute does not provide for the filing of a complaint in the Court of Chancery. As such, the Court of Chancery correctly determined that it lacked jurisdiction to entertain Cannon's claims. The Court of Chancery also correctly determined that Cannon's request for injunctive relief against the Department of Labor was unavailing in any case, since the State of Delaware and its agencies are immune from any such actions.[5]
(5) It is manifest on the face of the opening brief that the appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Court of Chancery is AFFIRMED.
NOTES
[1] Del. Code Ann. tit. 19, § 712(c) (3) and (5).
[2] Ch. Ct. R. 12(b) (1) and 12(b) (6).
[3] The Court of Chancery also granted Cannon's motion to amend his complaint and denied Cannon's motion for entry of default judgment.
[4] Del. Code Ann. tit. 19, § 714(c).
[5] Del. Code Ann. tit. 10, § 4001.